* * * * * * * * * * *
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * * PROCEDURAL HISTORY
This case has a rather complicated procedural history. The first Full Commission Decision and Order in this case was filed on October 5, 2005. Former Commissioner Thomas J. Bolch authored the Decision, with Commissioner Laura Kranifeld Mavretic concurring and Commissioner Dianne C. Sellers dissenting. The majority opinion held that on September 24, *Page 2 
1999, the minor plaintiff was injured due to the negligence of defendant's employee, the school bus driver, who breached his duty of care to plaintiff by not properly enforcing the safety policy regarding the use of pencils and pens by students on the school bus and by failing to properly supervise the other student, a minor also in the bus driver's care. Plaintiff was a student riding on a Rockingham County school bus who was injured when a fellow student accidentally stuck a pencil in plaintiff's left eye. Commissioner Sellers dissented, stating that plaintiff failed to prove the bus driver was negligent in his driving or in his supervision of the minor children in his care.
The majority decision remanded the matter to the Deputy Commissioner section for the taking of additional evidence or further hearing, if necessary, regarding the compensatory damages, including future medical costs, that plaintiff was entitled to recover. Defendant initially appealed this decision to the North Carolina Court of Appeals, but on April 26, 2006, withdrew its appeal as interlocutory. Deputy Commissioner Glenn subsequently heard this case and issued the Decision and Order which is the subject of this appeal.
Because Commissioner Bolch is no longer on the Commission, Commissioner Bernadine S. Ballance was randomly selected as his replacement on the Full Commission panel. In that the composition of the two panels is different, and primarily because only one of the two original Commissioners in the majority on the first decision remains on the second panel, the two decisions must be distinct and separate for purposes of any future appeal to the Court of Appeals: the Full Commission October 5, 2005 Decision and Order on the issue of negligence and this Decision and Order on the issue of damages. Therefore, this Decision and Order addresses only the issue of damages.
 * * * * * * * * * * * *Page 3 
The Full Commission finds as facts and concludes as a matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim.
2. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
3. The sole issue to be determined by the Full Commission is what amount is plaintiff entitled to recover from the defendant as damages.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the incident which is the subject of this tort claim, plaintiff was nine years old. The injury to plaintiff's left eye occurred when another child on the school bus punctured plaintiff's eye with a pencil. Following the incident, doctors at Wake Forest Baptist Hospital performed emergency surgical repair of the left globe, cornea and iris. The medical records note an interiorly corneal laceration with an L-shape iris prolapsed into the wound. There was also an anterior lens capsular tear with traumatic cataract present. The surgery included repair of the corneal laceration with repositioning of iris tissue and dip and snip vitrectomy. *Page 4 
2. At the time of the hearing before Deputy Commissioner Glenn on April 23, 2008, plaintiff was 18 years old, with a birth date of January 3, 1999. He was a junior at Reidsville High School.
3. Plaintiff wears glasses, although he does not wear them all the time and was not wearing him at the Deputy Commissioner's hearing. He has a valid driver's license. Plaintiff reads with his right eye only and after reading for some time, his eyes become strained and he develops headaches. The vision in his injured left eye is blurry. He is unable to read road signs with the left eye. His peripheral vision in his left eye is impaired, so that when he is looking at an object on the left, he moves his head to look at the object with his right eye. When watching television, plaintiff is light sensitive and sometimes develops a headache from squinting.
4. Plaintiff has incurred medical bills as follows:
 a. Sterling Emergency Physicians (09/24/99): $165.00
 b. Annie Penn Hospital (09/24/99): $124.74
 c. Wake Forest Medical Center (09/24/99 — 09/25/99): $4,304.28
 d. Wake Forest Physicians (09/24/99 — 06/20/03): $4,118.00
 e. Wake Forest Medical Center (01/14/00): $75.50
 f. Wake Forest Medical Center (04/07/00 — 04/20/00): $1,139.71
 TOTAL MEDICALS: $9,927.23
5. Dr. Phillip Hoopes, Jr., treated plaintiff on April 2, 2004, and found that his corrected vision in his left eye was 20/40. Dr. Hoopes assigned a 5% permanent functional impairment to plaintiff's left eye. According to Dr. Hoopes, plaintiff has a corneal scar that is correctable with surgery. However, Dr. Hoopes first suggested trying a contact lens, with *Page 5 
surgery as the next step if the contact lens does not improve plaintiff's vision. Plaintiff also may need cataract surgery in the future.
6. Dr. Paul V. Kowalski of Doctors Vision Center in Reidsville saw plaintiff on April 16, 2007. At that time plaintiff's corrected vision was 20/20 in his right eye and 20/60 in his left eye. Plaintiff's history was a corneal laceration of the left eye with peripheral iredectomy and corneal iris adhesions at the 5 o'clock position. Because of plaintiff's age at the time of the injury, Dr. Kowalski felt that his left eye was not likely to be amblyopic but was likely to be astigmatic. Although a rigid gas permeable contact lens might improve the vision in plaintiff's left eye, Dr. Kowalski felt the lens might be "more trouble than it is worth" since the right eye has 20/20 vision with only glasses prescription.
7. Dr. Kowalski stated that plaintiff should have yearly eye exams to follow the health of his eyes because he is more likely to develop a cataract in his left eye and is at higher risk of glaucoma because of the injury. In addition, Dr. Kowalski recommended that plaintiff wear polycarbonate lenses in his glasses to protect his right eye.
8. The reasonable value of the physical and emotional pain and suffering which plaintiff sustained as a proximate result of the injury caused by defendant's named employee is $150,000.00.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained damages as a direct and proximate result of defendant's employee's negligence, including the trauma of the incident and necessary surgery, pain and *Page 6 
suffering, permanent damage to the vision in his left eye, and the possibility of future medical complications from his left eye injury. N.C. Gen. Stat. § 143-291.
2. Given the nature and extent of plaintiff's injuries, as well as plaintiff's need for future medical treatment, $150,000.00 is a reasonable sum for plaintiff's loss. N.C. Gen. Stat. § 143-291. Defendant should also reimburse plaintiff for the costs incurred in prosecuting this action.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant shall pay plaintiff the sum of $150,000.00 as monetary damages for the injury he sustained on September 29, 1999.
2. Defendant shall pay plaintiff's costs, including the cost incurred in the prosecution of this action.
This 19 day of December, 2008.
 S/________________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
 S/____________________ BERNADINE S. BALLANCE COMMISSIONER
 S/__________________ DIANNE C. SELLERS COMMISSIONER *Page 1